IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DOUG and DIANA HARRIS,** | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. **3:10-CV-2554-L** |
| | § | |
| **DEVON ENERGY PRODUCTION COMPANY, L.P.,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER AND OPINION

Doug and Diana Harris ("Plaintiffs" or "the Harrises") filed this action against Devon Energy Production Company, L.P. ("Defendant" or "Devon") in federal court on December 15, 2010. Plaintiffs bring claims of nuisance, trespass, negligence, fraud or fraudulent concealment, and strict liability for ultra-hazardous-abnormally-dangerous activity. According to Plaintiffs, these claims arise from past and present drilling-related activities conducted by Devon near Plaintiffs' property in Denton County. Plaintiffs are Texas citizens residing in Denton County, Texas. Devon is an Oklahoma corporation. Contrary to the Harrises' assertion in Plaintiffs' Original Complaint (the "Complaint") that Denton County is within the Northern District of Texas, Denton County is located in the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(3). The court *sua sponte* considers whether this action should be transferred to the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. § 1404(a). *See Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988) (holding that district court may *sua sponte* transfer action pursuant to 28 USC § 1404(a)).

The Complaint alleges that the events and alleged injury giving rise to this action occurred in Denton County, that the Harrises reside in Denton County, and that the property made the basis

**Memorandum Order and Opinion- Page 1**

for this action is located in Denton County.[1] The only tie to the Northern District of Texas appears to be that Plaintiffs' counsel is located here, and the location of counsel is "irrelevant and improper for consideration in determining the question of transfer of venue." *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir.), *cert. denied*, 540 U.S. 1049 (2003). Moreover, the court has considered each of the eight factors set forth in *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The majority of these factors clearly warrants a transfer to the Eastern District of Texas.[2] Accordingly, the court, pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice," hereby **transfers** this action to the Sherman Division of the Eastern District of Texas. The clerk of the court shall effect the transfer in accordance with the usual procedure.

**It is so ordered** this 22nd day of December, 2010.

Sam A. Lindsay
United States District Judge

---

[1] At this juncture, the court is unable to ascertain whether the Northern District of Texas is even a district where this action could have been brought originally; however, even if it could have been brought in this district, the Eastern District of Texas is clearly the more convenient forum.

[2] These factors include: the relative ease of access to sources of proof; the availability of compulsory process to secure the attendance of witnesses; the cost of attendance for willing witnesses; all other practical problems that make trial of a case easy, expeditious and inexpensive; the administrative difficulties flowing from court congestion; the local interest in having localized interests decided at home; the familiarity of the forum with the law that will govern the case; and the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *In re Volkswagen*, 371 F.3d at 203.