IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DOUG HARRIS and DIANA HARRIS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:10-CV-00708 MHS-ALM |
| DEVON ENERGY PRODUCTION COMPANY, L.P., | § § § | |
| Defendant. | § § | |

**DEFENDANT DEVON ENERGY PRODUCTION COMPANY, L.P.'S
RESPONSE TO PLAINTIFFS' EMERGENCY MOTION FOR EXTENSION
OF TIME TO FILE RESPONSE TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (DOC# 36)**

**TO THE HONORABLE U.S. MAGISTRATE JUDGE AMOS L. MAZZANT:**

Comes Now Defendant Devon Energy Production Company, L.P. ("DEPCO") and files its Response to "Plaintiffs' Emergency Motion for Extension of Time to File Response to Defendant's Motion for Summary Judgment (Doc# 36)" ("Emergency Motion") and would show the Court as follows:

**I. Introduction.**

When Plaintiffs' initially contacted DEPCO to request an extension to respond to DEPCO's Motion for Summary Judgment (Doc No. 36) (the "Motion"), Plaintiffs asked for only "a 30 day extension." *See* Exhibit A, attached. DEPCO was not opposed to that request. Plaintiffs thereafter revised their request and asked DEPCO for an extension until some unspecified time in 2012. DEPCO did oppose that request. Now in their Emergency Motion, Plaintiffs request an extension

Defendant Devon Energy Production Company, L.P.'s Response to
Plaintiffs' Emergency Motion for Extension of Time to File Response
to Defendant's Motion for Summary Judgment (Doc# 36) - Page 1

"until all or substantially all discovery has been completed in 2012" *or* "until at least October 15, 2011, provided that Defendant has produced the requested discovery before this time." Emergency Motion, p. 4-5. DEPCO opposes these requests as well.

DEPCO's Motion very narrowly attacks a single but essential element of Plaintiffs' case, namely their theory of causation. Plaintiffs claim their water well is contaminated and that such contamination was caused by DEPCO's drilling, hydraulic fracturing and storage activities "near" the Plaintiffs' property. In the Motion, DEPCO argues that it is simply not scientifically possible for DEPCO's operations to have caused the contamination alleged by the Plaintiffs even if the Court assumes *all* the DEPCO operational failures alleged by Plaintiffs. Although Rule 56 imposed no burden on DEPCO to do so, DEPCO attached to its summary judgment motion detailed and specific evidence articulating publicly available facts confirming the scientific impossibility of Plaintiffs' causation theory—a theory that Plaintiffs certified pursuant to Rule 11 had "evidentiary support."

In order to establish a genuine issue of material fact, and thereby defeat the Motion, Plaintiffs needed only to present some credible evidence establishing how it is scientifically *possible* for DEPCO's alleged conduct to have caused the contamination alleged by Plaintiffs. Plaintiffs have offered no such evidence. Instead, Plaintiffs have now filed a motion confirming they have *no evidence* to support their causation theory. *See* Emergency Motion, p. 3, and Exhibit B, p. 2, to Emergency Motion. Because Plaintiffs admittedly have no evidence supporting the scientific plausibility of their theory of causation, they have now requested that the Court postpone its ruling on DEPCO's Motion until the conclusion of discovery. However, instead of discharging the very clear burden imposed by Rule 56 and Fifth Circuit authority in seeking to postpone the Court's ruling on DEPCO's Motion, Plaintiffs have relied on conclusory claims about their alleged need for discovery in general without identifying how additional discovery would provide any evidentiary

Defendant Devon Energy Production Company, L.P.'s Response to
Plaintiffs' Emergency Motion for Extension of Time to File Response
to Defendant's Motion for Summary Judgment (Doc# 36) - Page 2

support for their causation theory. Nowhere in either their motion or the two brief affidavits offered in support do Plaintiffs specifically identify a legitimate reason *why* more time and discovery is necessary to respond to DEPCO's specific challenge, *what* discovery they have sought or would seek, and even more important, *how* that discovery would enable them to demonstrate a genuine issue of material fact on the challenged causation issue so as to defeat DEPCO's Motion. That was their burden, and that is where they have been caught short.

## II. Brief: Argument & Authorities.

**A.    The law required Plaintiffs to show *why* more time and discovery are necessary and *how* more time and discovery would enable them to avoid summary judgment.**

"'Rule 56 does not require that *any* discovery take place before summary judgment can be granted; if a party cannot adequately defend such a motion, Rule 56(f) [now, FED. R. CIV. P. 56(d)] is his remedy.'" *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1396 (5th Cir. 1994) (emphasis in original; quoting *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990)) (rejecting plaintiff's contention "that they were entitled to rely on the scheduling order, which permitted discovery to continue," stating "we proceed from an obvious first principle: 'Rule 56 does not require that any discovery take place before summary judgment can be granted; if a party cannot adequately defend such a motion, Rule 56(f) is his remedy.'") The Fifth Circuit "has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (citing *Paul Kadair, Inc. v. Sony Corp. of America*, 694 F.2d 1017, 1029-30 (5th Cir. 1983)); *Krim v. BancTexas Group*, 989 F.2d 1435, 1443 (5th Cir. 1993) (same); *see Fisher v. Metropolitan Life Insurance Co.*, 895 F.2d 1073 (5th Cir. 1990); *Netto v. Amtrak*, 863 F.2d 1210, 1216 (5th Cir. 1989).

**Defendant Devon Energy Production Company, L.P.'s Response to
Plaintiffs' Emergency Motion for Extension of Time to File Response
to Defendant's Motion for Summary Judgment (Doc# 36) - Page 3**

Rule 56(d), formerly Rule 56(f), provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

FED. R. CIV. P. 56(d). In ruling on a party's Rule 56(d) "motion to suspend summary judgment pending the completion of discovery," the Fifth Circuit has said:

> The movant must be able to demonstrate how postponement and additional discovery will allow him to defeat summary judgment; it is not enough to "rely on vague assertions that discovery will produce needed, but unspecified, facts."

*Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 535 (5th Cir. 1999) (quoting *Washington*, 901 F.2d at 1285). Thus, "[t]o obtain a continuance of a motion for summary judgment in order to obtain further discovery, a party must indicate . . . why he needs additional discovery and *how* the additional discovery will create a genuine issue of material fact." *Krim*, 989 F.2d at 1442 (Emphasis in original).

Rule 56(d) "may not be invoked by the mere assertion that discovery is incomplete; the opposing party must demonstrate 'how the additional time will enable him to rebut the movant's allegations of no genuine issue of fact.'" *Washington*, 901 F.2d at 1285 ("The nonmovant's 'casual reference to the existence of ongoing discovery falls far short of showing how the desired time would enable it to meet its burden in opposing summary judgment.'") (quoting *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 833 (10th Cir. 1986)); *Krim*, 989 F.2d at 1443 ("The affidavit filed by Krim's counsel did not state *how* further discovery would have aided his cause of action, and thus, he has failed to demonstrate that further discovery would be anything other than a 'fishing expedition,'" explaining "plaintiff's failure to describe how further discovery would enable him to oppose summary judgment would preclude his obtaining a continuance.") (Emphasis in original).

Defendant Devon Energy Production Company, L.P.'s Response to
Plaintiffs' Emergency Motion for Extension of Time to File Response
to Defendant's Motion for Summary Judgment (Doc# 36) - Page 4

**B. Measured against the relevant legal standard, Plaintiffs' motion is shown to be without merit.**

Plaintiffs' specific request is for DEPCO's summary judgment motion to "be stayed until all or substantially all discovery has been completed in 2012" *or* "until at least October 15, 2011, provided that Defendant has produced the requested discovery before this time." Emergency Motion, p. 4-5. Plaintiffs claim they "need reasonable time to engage their experts regarding the relevant petroleum (sic) engineering (sic) geological, and hydrogeological issues in this case and also to obtain sufficient discovery from Defendant." *Id.* at 4. Such time is necessary, in Plaintiffs's words, because:

> Simply put, the facts are not available at this time for Plaintiffs to present to the Court their opposition to Defendant's Motion for Summary Judgment.

*Id.* at 3. In other words, despite the requirements of Rule 11, at present Plaintiffs have no evidence to show that their causation theory is possible and, therefore, DEPCO is entitled to summary judgment absent the Court's delaying its ruling on DEPCO's motion. The only question now is whether Plaintiffs have carried their burden of demonstrating a right to delay the Court's ruling. As shown below, they have not.

**1. DEPCO's evidence is not the issue.**

Plaintiffs' Emergency Motion begins with a half-hearted attack on the evidence DEPCO offered with its Motion—half-hearted because nowhere in their motion or affidavits do Plaintiffs dispute a single fact or opinion offered by DEPCO, including the opinion of DEPCO's expert that DEPCO's operations could not have caused Plaintiffs' alleged contamination. *Id.* at 2-3. Under the federal summary judgment rule, however, DEPCO had no burden to come forward with *any* evidence to support its right to summary judgment. *See* FED. R. CIV. P. 56(b)(1)(B); *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264 (5th Cir. Tex. 1991) (explaining "the defendant

Defendant Devon Energy Production Company, L.P.'s Response to
Plaintiffs' Emergency Motion for Extension of Time to File Response
to Defendant's Motion for Summary Judgment (Doc# 36) - Page 5

may simply demonstrate that the evidence in the record falls short of establishing an essential element of the plaintiff's case" and stating, "Under this latter option, the defendant need not produce evidence of its own because it is the plaintiff that will bear the burden of proof at trial."). As shown above, the right to delay a district court's ruling on a summary judgment motion depends on the non-movant establishing *why* more time and discovery is necessary to defeat the summary judgment motion and *how* specifically the additional time and discovery "will enable him to rebut the movant's allegations of no genuine issue of fact." *Washington*, 901 F.2d at 128; *Stearns Airport Equip. Co.*, 170 F.3d at 534-535; *Krim*, 989 F.2d at 1442. Simply put, the non-movant's right to delay a summary judgment ruling cannot be established by merely attacking the summary judgment movant's evidence.

2. **Plaintiffs failed to show *why* additional time and discovery are necessary to respond to DEPCO's narrowly-tailored summary judgment motion.**

Causation is the only element DEPCO has challenged by its Motion. DEPCO's Motion for Summary Judgment (Dkt. # 36), p. 1-2. DEPCO's motion asks the Court to assume all alleged wrongdoing—as Plaintiffs put it, the "(man made) engineering failures, in the cementing, casing, or fracking processes"—which gives rise to the alleged need for the discovery Plaintiffs seek. *Id.*; Emergency Motion, p. 6 (parentheses and underlining in original). What Plaintiffs' motion and their affiants completely ignore is DEPCO's point that assuming all such "failures" in DEPCO's wells (thereby obviating any alleged need for Plaintiffs' voluminous and irrelevant discovery), it is impossible as a matter of science for any of those alleged "failures"—*even assuming they occurred*—to have caused the alleged contamination in Plaintiffs' water wells.

Contrary to Plaintiffs' claim, the "facts" relevant to the narrow causation issue raised by DEPCO's motion are "available" and have been for some time. DEPCO's position is not based on a set of undisclosed facts that are known only to DEPCO and which Plaintiffs need to discover to be

Defendant Devon Energy Production Company, L.P.'s Response to
Plaintiffs' Emergency Motion for Extension of Time to File Response
to Defendant's Motion for Summary Judgment (Doc# 36) - Page 6

able to respond. Instead, DEPCO's challenge to causation is based on publicly available information. DEPCO's Motion for Summary Judgment, p. 4-11. Specifically, the information pertains to the location of Plaintiffs' water wells in relation to the subject DEPCO wells, the distances involved (both horizontally and vertically), the direction and rate of flow of the Paluxy aquifer, and basic science. *Id.*[1] For Plaintiffs' to claim that "facts" relevant to such information and Plaintiffs' causation theory are "not available at this time" is simply false.

Moreover, by signing their original and amended complaints, Plaintiffs have twice certified pursuant to Rule 11 that their "factual contentions have evidentiary support"—including specifically their unqualified causation contentions. FED. R. CIV. P. 11(b)(3).[2] Rule 11 required Plaintiffs' alleged causation theory to have "evidentiary support" taking into account the reality of where Plaintiffs' water wells are located in relation to the subject DEPCO wells, the distances involved (both horizontally and vertically), the direction and rate of flow of the Paluxy aquifer, and basic science. What Plaintiffs have now admitted is that before bringing this lawsuit, they failed to "engage" any experts to make sure, in light of these realities, their causation theory actually had

---

[1] Plaintiffs' claim that "their," *i.e.*, DEPCO's, "unqualified opinions are not based on any data relating to Defendant's surrounding gas wells and Plaintiffs' specific property" is plainly false. *See, e.g.*, DEPCO's Motion for Summary Judgment, p. 5-7 (providing detailed, specific, and publicly available information about DEPCO's wells in relation to Plaintiffs' water wells). Also false is Plaintiffs' charge that "by their exhibits, Defendant only asserts generalities about the (natural) geology of the Barnett Shale under Denton County." *Id.* at 4-10, Exhibit A (Affidavit of Robert D. Harden and exhibits attached thereto).

[2] Rule 11 does permit a party in their pleading to specifically identify factual allegations that "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery," but those allegations must be "specifically so identified." FED. R. CIV. P 11(b)(3). Here, Plaintiffs' complaints did not qualify in any way or to any extent their allegations that DEPCO's alleged wrongdoing somehow caused the alleged contamination of which they claim. *See* Plaintiffs' Original Complaint (Dkt. # 1), p. 3-6; Plaintiffs' First Amended Complaint (Dkt. # 24), p.3-7.

**Defendant Devon Energy Production Company, L.P.'s Response to
Plaintiffs' Emergency Motion for Extension of Time to File Response
to Defendant's Motion for Summary Judgment (Doc# 36) - Page 7**

"evidentiary support." At a minimum, Plaintiffs should not be allowed to parlay that failure into grounds for delaying the Court's ruling on DEPCO's motion.

### 3. Plaintiffs failed to show *how* additional time and discovery will enable them to defeat DEPCO's narrowly-tailored summary judgment motion.

Even if Plaintiffs had come forward with a legitimate excuse for lacking any facts to support their causation theory (which they did not), Plaintiffs don't even attempt to carry their separate burden of demonstrating *how* the discovery they claim to need will create a genuine issue of material fact on their causation theory. Plaintiffs' general claims about needing to "engage their experts regarding the relevant petroleum (sic) engineering (sic) geological, and hydrogeolgical issues and also to obtain sufficient discovery from Defendant" fall far short of the specific showing required to obtain postponement. *See* Emergency Motion, p. 4; *Stearns Airport Equip. Co.*, 170 F.3d at 535 ("The movant must be able to demonstrate how postponement and additional discovery will allow him to defeat summary judgment; it is not enough to 'rely on vague assertions that discovery will produce needed, but unspecified, facts.'") (quoting *Washington*, 901 F.2d at 1285). So also does the conclusory and general testimony of Plaintiffs' witnesses, Stephen Phillips and T Nguyen, neither of whom focus their testimony about Plaintiffs' alleged need for more discovery on the issue of how additional discovery will aid Plaintiffs in proving causation. *Id.*; *Krim* 989 F.2d at 1443 ("The affidavit filed by Krim's counsel did not state *how* further discovery would aided his cause of action, and thus, he has failed to demonstrate that further discovery would be anything other than a 'fishing expedition.'") (Emphasis in original).

Nowhere in their motion or affidavits do Plaintiffs state what specific discovery they have sought or will seek *vis à vis* the challenged causation element and more importantly *how* any of that discovery, if obtained, will give them the facts they would need to show a genuine issue of material

**Defendant Devon Energy Production Company, L.P.'s Response to
Plaintiffs' Emergency Motion for Extension of Time to File Response
to Defendant's Motion for Summary Judgment (Doc# 36) - Page 8**

fact on that element. *Krim*, 989 F.2d at 1443 ("If [plaintiff] was unable at the time to present facts demonstrating a genuine issue requiring a trial, he was required to state with some precision the materials he hoped to obtain with further discovery, and exactly how he expected those materials would assist him in opposing summary judgment."). Indeed, Plaintiffs and their affiants are very careful not to specifically address DEPCO's challenge to causation or to deny any one of the facts on which such challenge is based. Nor do Plaintiffs explain how any of the discovery they claim to need will "enable [them] to rebut [DEPCO's] allegations of no genuine issue of fact" or "create a genuine issue of material fact" or "allow [Plaintiffs] to defeat summary judgment." *Stearns Airport Equip. Co.*, 170 F.3d at 535; *Krim*, 989 F.2d at 1442; *Washington*, 901 F.2d at 1285. On the contrary, the most Plaintiffs are willing to say is that more discovery is necessary "'[t]o be assured [that Defendant's proffered conclusion] is in fact *correct* . . . .'" Emergency Motion, p. 3 (quoting Affidavit of Stephen Phillips; bracketed phrase in original). However, claiming discovery is needed to confirm the correctness of DEPCO's position is a far cry from "demonstrat[ing] how additional discovery will allow [Plaintiffs] to defeat summary judgment." *Stearns Airport Equip. Co.*, 170 F.3d at 535. Plaintiffs' claimed need to confirm the correctness of DEPCO's position is wholly insufficient to warrant delaying the Court's ruling on DEPCO's motion. *See Krim*, 989 F.2d at 1443 ("plaintiff's failure to describe how further discovery would enable him to oppose summary judgment would preclude his obtaining a continuance.").

C. **The Court should grant DEPCO's summary judgment motion.**

The Fifth Circuit made Plaintiffs' options in responding to DEPCO's Motion very clear:

> If plaintiff believed that he possessed facts presenting a genuine issue requiring a trial, or requiring judgment in his favor, he should have stated before the district court the precise manner in which those facts supported his claims. If, on the other hand, he was unable at the time to present facts demonstrating a genuine issue

Defendant Devon Energy Production Company, L.P.'s Response to
Plaintiffs' Emergency Motion for Extension of Time to File Response
to Defendant's Motion for Summary Judgment (Doc# 36) - Page 9

> requiring a trial, he was required to state with some precision the materials he hoped to obtain with further discovery, and exactly how he expected those materials would assist him in opposing summary judgment. His failure to do any of this precludes us from finding that the district court's refusal of a continuance was an abuse of discretion.

*Krim*, 989 F.2d at 1443. Plaintiffs did not file a response to DEPCO' Motion, and they have now admitted to having no evidentiary support for the essential element of causation. And although they have asked the Court to delay ruling on DEPCO's motion, Plaintiffs failed to carry their burden of showing their entitlement to that relief. Accordingly, as Plaintiffs' unsupported motion "would preclude [their] obtaining a continuance," Plaintiffs have left the Court with no other option but to grant DEPCO's motion and dismiss their claims. *Id.* (upholding district court's denial of continuance and granting of summary judgment); FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

### III. Conclusion and Prayer.

Plaintiffs filed this action alleging a causation theory they now admit to having no facts to support—a theory the ***undisputed*** evidence before the Court shows is impossible. Now Plaintiffs have failed to support their only other option for avoiding summary judgment. In short, there simply is no reason to require all of the time and expense entailed in this case moving forward if all Plaintiffs have is a general desire "'[t]o be assured [that Defendant's proffered conclusion] is in fact *correct*.'" Accordingly, DEPCO requests the Court to deny Plaintiffs' Emergency Motion and to grant DEPCO's Motion for Summary Judgment. DEPCO prays for such other and further relief to which it is entitled.

**Defendant Devon Energy Production Company, L.P.'s Response to**
**Plaintiffs' Emergency Motion for Extension of Time to File Response**
**to Defendant's Motion for Summary Judgment (Doc# 36) - Page 10**

Respectfully submitted,

/s/ Charles W. Fillmore
JEFFREY C. KING (Lead Counsel)
State Bar No. 11449280
JAMIE LAVERGNE BRYAN
State Bar No. 24026983
WINSTEAD, PC
1100 Carter Burgess Plaza
777 Main Street
Fort Worth, Texas 76102
Email: jking@winstead.com
Email: jbryan@winstead.com
Telephone: (817) 420-8200
Fax: (817) 420-8201

CHARLES W. FILLMORE
State Bar No. 00785861
THE FILLMORE LAW FIRM, L.L.P.
901 Lake Street
Fort Worth, Texas 76102
Email: chad@fillmorefirm.com
Telephone: (817) 332-2351
Fax: (817) 870-1859

- and -

Defendant Devon Energy Production Company, L.P.'s Response to
Plaintiffs' Emergency Motion for Extension of Time to File Response
to Defendant's Motion for Summary Judgment (Doc# 36) - Page 11

KELLY R. COPE
State Bar No. 00790501
DEVON ENERGY PRODUCTION
COMPANY, L.P.
20 North Broadway
Oklahoma City, Oklahoma 73102
Email: Kelly.Cope@dvn.com
Telephone: (405) 235-3611
Fax: (405) 552-4648

**ATTORNEYS FOR DEFENDANT
DEVON ENERGY PRODUCTION
COMPANY, L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2011, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Windle Turley
Turley Law Firm
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206

T Nguyen
Turley Law Firm
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206

/s/ Charles W. Fillmore
Charles W. Fillmore

Defendant Devon Energy Production Company, L.P.'s Response to
Plaintiffs' Emergency Motion for Extension of Time to File Response
to Defendant's Motion for Summary Judgment (Doc# 36) - Page 12