United States Court of Appeals
Fifth Circuit

## UNITED STATES COURT OF APPEALS   F I L E D

### FOR THE FIFTH CIRCUIT

December 7, 2012

Lyle W. Cayce
Clerk

No. 12-40137

D.C. Docket No. 4:10-CV-708

DOUG HARRIS; DIANA HARRIS,

Plaintiffs - Appellees

v.

DEVON ENERGY PRODUCTION COMPANY, L.P.,

Defendant - Appellant

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

FEB - 1 2013

DAVID J. MALAND, CLERK
BY
DEPUTY

Appeal from the United States District Court for the
Eastern District of Texas, Sherman

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

### J U D G M E N T

This cause was considered on the record on appeal and was argued by counsel.

It is ordered and adjudged that the judgment of the District Court is affirmed as modified.

IT IS FURTHER ORDERED that defendant-appellant pay to plaintiffs-appellees the costs on appeal to be taxed by the Clerk of this Court.

DENNIS, Circuit Judge, dissents.

ISSUED AS MANDATE: JAN 1 6 2013

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit
By:
Deputy

New Orleans, Louisiana      JAN 1 6 2013

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 7, 2012

No. 12-40137

Lyle W. Cayce
Clerk

DOUG HARRIS; DIANA HARRIS,

Plaintiffs-Appellees

v.

DEVON ENERGY PRODUCTION COMPANY, L.P.,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CV-708

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiffs Doug and Diana Harris sued Devon Energy Production Company, L.P., alleging that Devon's oil and gas drilling activities near their property contaminated their well water. The Harrises subsequently moved to voluntarily dismiss the suit pursuant to FED. R. CIV. P. 41(a)(2). The district court granted the motion and dismissed the suit without prejudice. Devon appeals the district court's judgment, contending that a dismissal without prejudice was improper. We conclude that the district court abused its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40137

discretion and that the judgment should be modified to be a dismissal with prejudice. We therefore AFFIRM the judgment as MODIFIED.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides, in relevant part, that after a defendant files an answer or a motion for summary judgment "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2); *see In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010). Voluntary dismissals "should be freely granted," but a plaintiff's request will not be allowed if "the non-moving party will suffer some plain legal prejudice." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). Plain legal prejudice may occur when the plaintiff moves to dismiss a suit at a late stage of the proceedings or seeks to avoid an imminent adverse ruling in the case, or where a subsequent refiling of the suit would deprive the defendant of a limitations defense. *In re FEMA Trailer*, 628 F.3d at 162. The "primary purpose" of this rule is to avoid "voluntary dismissals which unfairly affect the other side." *Elbaor*, 279 F.3d at 317 (internal quotation marks and citation omitted).

For example, if a plaintiff "fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal." *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991). On the other hand, plain legal prejudice does not include the mere prospect of a second suit or the mere incursion of expense. *Elbaor*, 279 F.3d at 317 & n.3. If the district court determines that an unconditional dismissal will cause the defendant plain legal prejudice, it may either deny the motion to dismiss or impose conditions that will cure the prejudice. *Id.* at 317–18. The latter course may include dismissing the suit with prejudice. *See id.* at 319. We review the district court's determination on the issue of prejudice for an abuse of discretion. *Id.* at 318.

No. 12-40137

Devon argues that the district court's unconditional dismissal of the suit caused it plain legal prejudice because it prevented Devon from obtaining a ruling on its motion for summary judgment, and that the district court failed to address its argument that the Harrises sought dismissal in order to avoid an adverse result. Based on our review of the circumstances, we agree.

The Harrises alleged in their suit that contaminants present in their well water were connected to Devon's activity near their property. The allegations were based on the presence of a grey sediment in their ground water and tests that allegedly showed elevated levels of various metals that the Harrises argued are commonly used in drilling mud. Devon moved for summary judgment, contending that its expert evidence refuted the allegation of any causal link between the contamination and its activity, but the district court denied the motion as premature because discovery was ongoing. The Harrises did not, however, engage in further discovery after the court's ruling.

Devon subsequently re-filed its summary judgment motion, arguing that the Harrises' well water was not contaminated and that its operations could not be a cause of any alleged contamination. The record showed that before the Harrises filed suit the Texas Railroad Commission had performed an investigation and found no contamination in the Harrises' water. Devon's evidence also included a down hole video of one of the wells showing that the well casing had deteriorated, which allowed sediment from the aquifer to flow into the well. Devon also had expert evidence that its activity could not have caused contamination of the well. Just before their responsive pleading was due, the Harrises sought dismissal of the suit because their own subsequent testing of the ground water showed that the alleged water contamination had apparently dissipated. When ordered to file a response to the summary judgment motion, the Harrises conceded that they could not prove that Devon was the cause of their alleged toxic water. Despite this concession, the Harrises

3

No. 12-40137

assert that the dismissal was not sought to avoid an imminent adverse ruling and that Devon suffered no plain legal prejudice under the totality of the circumstances. We are not convinced given the state of the record.

The Harrises' theory is that their suit was justified at its inception because an August 2010 lab report showed elevated levels of heavy metal, but that testing in June 2011 showed toxicity levels that were no longer dangerous to humans. They suggest that this may be explained because the flowing nature of the aquifer allowed the toxins to dissipate. These purportedly changing circumstances led the Harrises to dismiss the suit rather than pursue an "economically unfeasible situation in court." The Harrises' position is not supported by the record. The August 2010 lab report is not accompanied by explanatory affidavits or expert testimony, and there is no evidence supporting the Harrises' claims that the report shows dangerous levels of contaminants. As for changing circumstances, the Harrises cite no evidence, other than statements by their counsel, about the ebb and flow of contaminants generally, or that the alleged toxicity levels here dissipated naturally but might return. The Harrises further claim that the June 2011 report showed the presence of substances different from those reported in August 2010, but again there is no evidence in the record to explain the bald lab report.

In light of the Harrises' concession that they could not prove Devon's activity caused contamination, and the absence of any evidence explaining the bare lab report upon which the suit was initially based, we can only conclude that the Harrises' dismissal of the suit was intended to avoid an imminent adverse result on summary judgment. This is sufficient to cause plain legal prejudice. *See In re FEMA Trailer*, 628 F.3d at 162; *see also League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 999 F.2d 831, 843 (5th Cir. 1993) (en banc). We therefore modify the district court's judgment to dismiss the suit with prejudice. As modified, the judgment is affirmed.

No. 12-40137

AFFIRMED as MODIFIED.


DENNIS, Circuit Judge, dissenting:

I respectfully dissent, being of the view that the district judge did not abuse his discretion.

# *United States Court of Appeals*
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

January 16, 2013

```
RECEIVED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

FEB 1 - 2013

DAVID J. MALAND, CLERK
```

Mr. David Maland
101 E. Pecan Street
Federal Building
Room 216
Sherman, TX 75090-0000

No. 12-40137,  Doug Harris, et al v. Devon Energy Production Co.
        USDC No. 4:10-CV-708

Enclosed, for the district court only, is a copy of the judgment
issued as the mandate and a copy of the court's opinion.

The electronic copy of the record will be recycled.

Sincerely,

LYLE W. CAYCE, Clerk

By:_____
James deMontluzin, Deputy Clerk
504-310-7679

cc: (letter only)
    Mr. Charles William Fillmore
    Mr. Jeffrey Charles King
    Mrs. Thuy-Hang Thi Nguyen
    Honorable Michael H. Schneider
    Mr. Ronald Windle Turley

P.S. to Judge Schneider:  A copy of the opinion was sent to your
office via email the day it was filed.